UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TREVOR L. JUSTICE,         ) | |
|     Plaintiff,         ) | |
|                         ) | |
| v.                         ) | Case No. 22-3196 |
|                         ) | |
| RHONDA CLOSE *et al.*      ) | |
|     Defendants.        ) | |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Motion for Summary Judgment (Doc. 32) filed by Defendants Rhonda Close, Paul Gann, and Brandon Painter. Plaintiff Christopher Day, a prisoner at Graham Correctional Center, has filed a Motion for Counsel (Doc. 27) but has not responded to Defendants' dispositive motion.

I.    **Background**

In October 2022, Plaintiff filed a Complaint (Doc. 1) alleging violations during his detention at the Mason County Detention Center ("Jail"). Specifically, Plaintiff alleged that in June 2022, the Jail's physician referred Plaintiff to an optometrist that Defendant Painter told Plaintiff the Jail would not honor. Defendant Close also told Plaintiff the referral would not be covered during his detention. Defendants then informed Plaintiff that the Jail's policy is not to make eye appointments for detainees. (*Id*. at 3-4.)

Following screening of Plaintiff's pleading, the Court determined that Plaintiff had stated a Fourteenth Amendment claim against Defendants Close and Painter, in their

individual capacities, and a claim under *Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658 (1978) against Defendant Gann in his official capacity. (Merit Rev. Doc. 12 at 4-5); *See Koger v. Dart*, 950 F.3d 971, 976 (7th Cir. 2022) ("The Sheriff, sued in an official capacity, is just a proxy for the County.").

II.     **Motion for Summary Judgment**

   **A. Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). "If the moving party has properly supported his motion, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015).

"When opposing a properly supported motion for summary judgment, the non-moving party must 'cit[e] to particular parts of materials in the record' or 'show[] that the materials cited do not establish the absence … of a genuine dispute.'" *Melton v. Tippeconoe County*, 838 F.3d 814, 818 (7th Cir. 2016) (quoting Fed. R. Civ. P. 56(c)). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A scintilla of evidence supporting the nonmovant's position is insufficient to defeat a motion for summary judgment; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Id*. at 252.

### B. Material Facts

Defendants' dispositive motion includes a section listing the undisputed material facts in this case (Doc. 32 at 3-11: 1-68); *see also* Local Rule 7.1(D)(1)(b) (stating that a motion for summary judgment must include a section listing the undisputed material facts). Under Local Rule 7.1(D)(2)(b), a party opposing a motion for summary judgment must respond to the moving party's undisputed material facts and provide additional material facts, which must be supported by admissible evidence.

Plaintiff did not file a response despite the Court granting him two extensions totaling over six months. (Docs. 34, 36.) Thus, Plaintiff has not complied with the Court's Local Rules, which require addressing each of Defendants' alleged facts and noting which are undisputed material facts, disputed material facts, disputed immaterial facts, or undisputed immaterial facts. Civil LR 7.1(D)(2)(b)(1-4). Under Local Rules 7.1(D)(2)(b)(6), Plaintiff's "failure to respond to any numbered fact will be deemed an admission of the fact." (Civil LR 7.1(D)(2)(b)(6)). Thus, the following material facts are based on the Defendants' properly supported briefs and the provided record.

Defendant Gann has been the Mason County Sheriff since January 2014, responsible for the management and operation of the Jail. (Gann Decl. Doc. 32-5 at 1:1-2.)

Defendant Painter is a Sergeant employed at the Jail since November 1998. (Painter Decl. Doc. 32-7 at 1:1.) Defendant Close has been a corrections officer at the Jail since September 2015. (Close Decl. Doc. 32-6 at 1:1.) Plaintiff was detained at the Jail from May 29 to December 2, 2022. (Presentence Rep. Doc. 32-1 at 219.)

On June 22, 2022, Plaintiff was transported to Medical Associates. (Close Decl. Doc. 32-6 at 1:2.) Dr. Stanley Noll saw Plaintiff for decreased visual acuity, among other medical complaints, noting the following:

> [Plaintiff] reports decreased visual acuity. He reports that this [has] been going on for quite some time[,] but he feels that [it] is getting rapidly worse. He denies any pain to his eye. He denies any erythema or discharge. He feels … his long[-] distance visual acuity is worsening and … would like to see optometry. Discussed certain that we will be able to have this coordinated[,] but we will discuss with [the] jail to see if this is something that can be completed.

(Pl. Med. Rec. Doc. 32-4 at 4.) Dr. Noll referred Plaintiff to an optometrist on June 22, 2022, for complaints of "decreasing long[-] distance acuity." (Pl. Compl. Ex. Doc. 1-1 at 3.)

After discussing Plaintiff's referral with Chief Deputy David Baker, Defendants Close and Painter complied with Chief Deputy Baker's request to observe Plaintiff to determine whether he had difficulties moving throughout the Jail. (Close Decl. Doc. 32-6 at 1:5-6; Painter Decl. Doc. 32-7 at 1:5-6.) Close and Painter reported to Chief Deputy Baker that they observed no issues. On July 1, 2022, a clinical note was added to Plaintiff's referral stating, "Per [Close,] … [t]his will not be covered while [detained]." (Pl. Comp. Doc. 1-1 at 3.) Painter then informed Plaintiff that the Jail would not send him to an

optometrist for nonemergent eye care based on the information provided by his superiors. (Painter Decl. Doc. 32-7 at 2:11.)

On September 20, 2022, Plaintiff filed an appeal regarding his request to see an optometrist. (*Id*. at 6.) Chief Deputy Baker provided the following response:

> In response to your appeal of denial to your grievance concerning the denial of an optometry appointment for decreased visual acuity and eye strain, I reviewed the Administrative Code Title 20: Subchapter f: County Standards, Part 701 County Jail Standards, including section 701.90 on medical care. I found that there is no requirement by County Jails to provide eye care for presentenced [detainees]. Further, without having a direct requirement concerning eye care, we compared eye care to the wording from the Administrative Code pertaining to dental care for inmates[,] which provides care on an emergency basis. Thus[,] your appeal for an optometry appointment is denied.
>
> However, nothing would prevent someone bringing you reading glasses[,] which [are] typically used for eye strain.

(*Id*. at 7.)

Defendant Gann, who had never spoken to Plaintiff about his vision, stated that the Jail does not have a written policy on nonemergent eye care. (Gann Decl. 32-5 at 1:3, 5.) Although Gann could not recall a detainee requesting routine eye care during his tenure, he stated that the Jail sends detainees to the local hospital in medical emergencies, including eye care. (*Id*. at 1:5.)

Defendant Gann acknowledged that Chief Deputy Baker informed him about Plaintiff's request to see an optometrist. (*Id*. at 1:4.) After considering the Illinois County Jail Standards and conferring with Chief Deputy Baker, the United States Deputy Marshal, and Mason County's Jail Inspector, Gann concluded that County Jail Standards

did not require county jails to provide nonemergent eye care to detainees. (*Id*. at 2:6-8.) Despite this conclusion, Gann approved Noll's referral for Plaintiff to see an optometrist despite Chief Deputy Baker's initial denial. (*Id*. at 2:9.)

On October 31, 2022, Dr. Roger Adler at Bond Eye Associates examined Plaintiff. (Pl. Med. Rec. 32-4 at 8-13.) Testing showed that Plaintiff has 20/20 vision in his left eye and 20/40 in his right eye. (*Id*. at 9.) Dr. Alder documented that he could not correct Plaintiff's right eyesight to 20/20 due to possible amblyopia, commonly known as a lazy eye. (*Id*. at 10.) On November 12, 2022, Plaintiff received the prescription eyeglasses he selected. (Close Decl. Doc. 32-6 at 2:16-17.)

Plaintiff testified he had no vision problems before May 29, 2022. (Pl. Dep. Doc. 32-3 at 15:6-8; 16:5-8.) Shortly after entering the Jail, Plaintiff experienced decreased visual acuity. (*Id*. at 15:9-11.) A month later, Plaintiff submitted his first request for prescription eyeglasses. (*Id*. at 19:20-23.) Plaintiff testified that his visual acuity decreased rapidly between June and October 2022. (*Id*. at 19:24; 20:1-5.)

Plaintiff noted that he had no difficulties moving throughout the jail, and although difficult, he could draft grievances and complaints but had to strain his eyes and suffered headaches. (*Id*. at 16:9-16, 21-24; 17:1-3.) Plaintiff was treated for dehydration during his detention and acknowledged that his headaches and other symptoms could have been related to the dehydration or something other than his need for prescription eyewear. (*Id*. at 21:15-24; 22:1-8.)

Plaintiff has never seen a written policy stating that the Jail does not schedule optometry appointments. (*Id*. at 26:16-23.) Plaintiff testified that he saw an optometrist on

October 31, 2022, and received his eyeglasses a few days later. (*Id*. at 17:13-15.) Plaintiff admitted that his visual acuity issues ceased after receiving his eyeglasses. (*Id*. at 30:6-20.)

### C. Analysis

As noted earlier, Plaintiff did not file a response to Defendants' motion for summary judgment. As a result, Plaintiff fails to comply with Rule 56(c) in that he has not cited "particular parts of materials in the record" that support his opposition or "show[] that the materials cited do not establish the absence…of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A), (B). Plaintiff's failure is deemed an admission of the summary judgment motion. Although Plaintiff's failure to respond requires this Court to deem Defendants' factual assertions admitted, summary judgment in favor of the movant is not automatic. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). The ultimate burden remains with Defendants to show that they are entitled to judgment as a matter of law. *Id*.

Medical care claims brought by pretrial detainees under the Fourteenth Amendment are subject to an objective standard. *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). Under *Miranda*, a court must conduct two separate inquiries. The first inquiry asks whether the "defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [a detainee's] case." *Id. at 353.* "[I]t will not be enough [for a plaintiff] to show negligence or gross negligence." *Id*.

The second inquiry asks whether the defendants' acts were objectively unreasonable. *Id.* at 354. The latter inquiry is case-specific and must be made from the

perspective of a reasonable official present when the relevant decisions were made, including what the official "knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 576 at 397.

Viewing the facts presented in the light most favorable to Plaintiff, no jury could find that Defendants Close or Painter's actions satisfied either prong of the objective inquiry mandated in deliberate indifference cases under the Fourteenth Amendment. In this regard, the record establishes that after Dr. Noll referred Plaintiff to an optometrist, Close and Painter complied with Chief Deputy Baker's request to observe whether Plaintiff had difficulty moving about the Jail due to his eyesight and reported their observations. Following the initial decision to deny Plaintiff's referral, Close informed Dr. Noll's office that the Jail would not cover the referral, and Painter informed Plaintiff that the Jail would not send him to an optometrist.

Moreover, despite the initial denial, an optometrist examined Plaintiff four months after Dr. Noll's June 22, 2022 referral. However, the record does not establish that Plaintiff suffered harm based solely on this delay. *See Miranda*, 900 F.3d at 347 ("To recover on its due process claim, [the plaintiff] had to present verifying medical evidence that the delay in medical care caused some degree of harm." (internal quotation marks omitted)); *see also Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 964 (7th Cir. 2019) (holding that an allegation that a defendant delayed providing medical care requires a plaintiff to present verifying medical evidence that the delay, and not the underlying condition, caused some harm).

As to Defendant Gann, the Court determined that Plaintiff stated a *Monell* claim against him in an official capacity, which is a claim against Mason County. *See Miranda*, 900 F.3d at 344 ("[A]n Illinois sheriff . . . has final policymaking authority over jail operations . . . [and] is thus a proper party for a claim under *Monell* . . . , targeted at policies and customs that deprive inmates of their federal rights."); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006) ("When a plaintiff sues an individual officer in his official capacity, the suit is treated as if the plaintiff has sued the municipality itself.").

To recover against a municipal or corporate defendant under section 1983, it is not enough for the plaintiff to show that an employee of the municipality or corporation violated his constitutional rights; he must show that his injury was the result of the municipality's or corporation's official policy or custom." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). "An official policy or custom may be established by means of an express policy, a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012).

Defendant Gann stated that the Jail does not have a written policy regarding vision care, and Plaintiff acknowledged he has never seen an expressed policy regarding eye care. Additionally, the provided evidence does not establish or permit an inference that the Jail had a widespread practice of denying eyecare services. *See Estate of Perry v. Wenzel*, 872 F.3d 439, 461 (7th Cir. 2017) (concluding that a plaintiff "must do more than simply

rely upon his own experience to invoke *Monell* liability"). Finally, Plaintiff does not dispute that Defendant Gann, who has final policymaking authority over jail operations, reversed his senior deputies' denial of Plaintiff's appeal and allowed Dr. Noll's referral.

Therefore, because Defendants have satisfied their threshold burden of providing evidence to show the absence of a genuine issue of material fact that Plaintiff has failed to rebut with specific facts, Defendants' Motion for Summary Judgment (Doc. 32) is granted. Thus, Plaintiff's Motion for Counsel (Doc. 27) is moot.

**IT IS THEREFORE ORDERED:**

1) **The Motion for Summary Judgment (Doc. 32) filed by Defendants Close, Gann, Painter is GRANTED for the reasons in the Court's Order. The Clerk is DIRECTED to enter judgment in favor of Defendants and against Plaintiff.**

2) **Plaintiff's Motion for Counsel (Doc. 27) is MOOT.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present in his appeal to assist the Court in deciding whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c);** *see also Celske v Edwards*, **164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be allowed to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith.");** *Walker v O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

Entered September 6, 2024.

s/ Colleen R. Lawless
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE