UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TREVOR L. JUSTICE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-3196 |
| ) | |
| RHONDA CLOSE et al., ) | |
|     Defendants. ) | |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for ruling is a Motion to Alter or Amend Judgment (Doc. 42) under Federal Rule of Civil Procedure ("Rule") 59(e) and a Motion for Status (Doc. 44) filed by Plaintiff Trevor L. Justice.

I.     Background

Plaintiff's pleading (Doc. 1) alleged violations during his detention at the Mason County Detention Center ("Jail"). Specifically, Plaintiff alleged that in June 2022, the Jail's physician referred Plaintiff to an optometrist that Defendant Brandon Painter told Plaintiff the Jail would not honor. Defendant Rhonda Close also told Plaintiff the referral would not be covered during his detention. Defendants then informed Plaintiff that the Jail's policy is not to make eye appointments for detainees. (*Id*. at 3-4.)

The Court concluded that Plaintiff stated a Fourteenth Amendment claim against Defendants Close and Painter, in their individual capacities, and a claim under *Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658 (1978) against Defendant Paul Gann in his

official capacity. (Merit Rev. Doc. 12 at 4-5); *See Koger v. Dart*, 950 F.3d 971, 976 (7th Cir. 2022) ("The Sheriff, sued in an official capacity, is just a proxy for the County.").

In September 2024, the Court granted Defendants' Motion for Summary Judgment, concluding that despite an initial denial by the Chief Deputy, who was not a party in this case, Defendant Gann approved Plaintiff's referral four months later, which resulted in an optometrist documenting 20/20 vision in Plaintiff's left eye and non-correctible 20/40 due to a medical condition commonly known as lazy eye. Plaintiff later received eyeglasses that corrected his visual acuity complaints. Gann asserted that the Jail did not have a written policy to deny scheduling optometry appointments, which Plaintiff acknowledged he never observed.

## II.    Plaintiff's Rule 59(e) Motion

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Emerson v. Dart*, 109 F.4th 936, 943 (7th Cir. 2024) (quoting *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)).

To succeed on a motion under Rule 59 [by invoking newly discovered evidence], a party must show that: (1) it has evidence that was discovered post-trial; (2) it had exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013) (quoting *Envtl. Barrier Co., LLC v. Slurry Sys., Inc.*, 540 F.3d 598, 608 (7th Cir. 2008)).

"A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Instead, a petitioner satisfies his burden of showing manifest error under Rule 59(e) by demonstrating that the court disregarded, misapplied, or failed to recognize controlling precedent. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (describing "manifest error" as the "wholesale disregard, misapplication, or failure to recognize controlling precedent").

Plaintiff does not contest any aspect of the Court's Order granting Defendant Meredith's Motion for Summary Judgment (Doc. 39) and the Court's resulting Judgment (Doc. 40). Instead, Plaintiff asserts that he could not prosecute his case based on his "incarceration and … incompetence." (Pl. Rule 59, Doc. 42 at 2.) In this regard, Plaintiff states he could not gather evidence or respond to Defendants' dispositive motion. (*Id.*)

However, a motion filed under Rule 59(e) only applies to final judgments, which, as noted, Plaintiff does not challenge. *See Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018) (explaining that Rule 59(e) applies only to a reconsideration of a final judgment, not to other interlocutory or collateral orders). Thus, Plaintiff's Motion to Alter or Amend Judgment (Doc. 42) is denied.

### III. Status

Plaintiff's Motion for Status (Doc. 44) is granted. Plaintiff seeks clarification regarding his ability to appeal the Court's judgment. Plaintiff's Motion to Alter or Amend the Judgment under Rule 59 falls under Federal Rule of Appellate Procedure 4(a)(4)(A), which provides that "if a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by

those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. Civ. P. 59(a)(4)(A)(iv).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion to Alter or Amend Judgment (Doc. 42) under Federal Rule of Civil Procedure ("Rule") 59(e) is DENIED.**

2) **Plaintiff's Motion for Status (Doc. 44) is GRANTED.**

ENTERED June 9, 2025.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
CHIEF UNITED STATES DISTRICT JUDGE